**Kenneth SNYDER; Jacqueline Snyder**

**v.**

**Tawoos BAZARGANI; Paul Bagherpour**

**Tawoos Bazargani, Appellant.**

No. 10–3765.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Nov. 18, 2010.

Opinion filed: Dec. 1, 2010.

Thomas E. Groshens, Esq., Sprague &
Sprague, Philadelphia, PA.

Tawoos Bazargani, Merion, PA, pro se.

Ronald H. Beifeld, Esq., Plymouth
Meeting, PA, for Paul Bagherpour.

Before: SLOVITER, JORDAN and
GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

Tawoos Bazargani, proceeding *pro se,*
appeals from the District Court's denial of
a post-judgment motion filed upon remand
to the District Court pursuant to our opin-
ion in *Snyder v. Bazargani,* 329 Fed.Appx.
351 (3d Cir.2009). For the reasons that
follow, we will summarily vacate the order
of the District Court and remand the mat-
ter for further proceedings.

In July 2005, following a jury trial in the
United States District Court for the East-
ern District of Pennsylvania, Bazargani
was found to have violated the Civil Rights
Act of 1866, 42 U.S.C. § 1981, the Fair
Housing Act of 1968, 42 U.S.C. § 3601 *et
seq.,* and the Pennsylvania Human Rela-
tions Act, 43 Pa. Cons.Stat. Ann. § 951, *et
seq.* Appellees Kenneth and Jacqueline
Snyder were awarded $40,000 in compen-
satory damages from Bazargani and her
co-defendant Paul Bagherpour, $30,000 in

punitive damages from Bagherpour, and
$20,000 in punitive damages from Bazarga-
ni. After Bazargani's motion for a new
trial was denied, she appealed, and this
Court affirmed the judgment of the Dis-
trict Court. *See* C.A. 05–4051 (3d Cir.
June 22, 2007). On December 13, 2007,
the District Court awarded Appellees
$97,000 in attorney's fees and costs.

On May 8, 2008, Bazargani's South Phil-
adelphia condominium unit was sold to Ap-
pellee Kenneth Snyder for $160,000 at a
Marshal's sale. The District Court ap-
proved the sale and Appellees' proposed
distribution of the proceeds of the sale by
order dated May 30, 2008. Pursuant to the
Court's order, the remaining balance of
$52,276 after distribution was tendered to
Bazargani via a check delivered to her by
certified mail. Bazargani strenuously ob-
jected to the means by which the judgment
was satisfied.

Bazargani also filed a motion on Novem-
ber 20, 2007, seeking contribution from her
co-defendant Paul Bagherpour. In re-
sponse, Bagherpour filed a motion to
strike. By order dated March 3, 2008, the
District Court denied both motions without
explanation. Bazargani appealed. Be-
cause the Court failed to set forth any
basis for its denial of Bazargani's motion,
we vacated the order and remanded for
further proceedings, explaining that we
have held that there is a right to contribu-
tion from joint tort-feasors under the Fair
Housing Act. *See Miller v. Apartments &
Homes of New Jersey, Inc.,* 646 F.2d 101,
110 (3d Cir.1981).

On remand, Bazargani filed a motion
entitled "Defendant Tawoos Bazargani,
M.D.'s Motion for Re–Proceeding of the
Above Identified Claim Pursuant to the
Order of May 5, 2009 of the United States
Court of Appeal for the Third Circuit
Where the Honorable Court Has Not Af-
firmed the Above Identified District

Court's Rulings." In it, she again raised her contribution claim, and also generally attacked the proceedings leading up to satisfaction of the judgment against her. The District Court held that Bazargani had not sought contribution against Bagherpour on remand but, rather, that she had again attempted to litigate the propriety of the plaintiffs' methods of collecting the judgment against her. Because we had previously affirmed the District Court's order with respect to the collection methods undertaken by Appellees, the District Court denied Bazargani's "Motion for Re-Proceeding." After Bazargani unsuccessfully moved for reconsideration, she timely filed a notice of appeal.[1]

We have jurisdiction over the District Court's August 11, 2010 Order pursuant to 28 U.S.C. § 1291. In our prior decision, we remanded to the District Court with instructions for the Court to set forth its basis for denying Bazargani's November 20, 2007 motion for contribution. On remand, the District Court failed to do so, instead explaining that Bazargani had not filed a motion for contribution. However, Bazargani did request contribution in her August 10, 2010 "Motion for Re-Proceeding," and also filed a separate "Motion for Contribution" on September 8, 2010. While her "Motion for Re-Proceeding" was not a model of clarity, it is well accepted that courts should liberally construe the filings of pro se litigants. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, Bazargani need not have filed a new motion at all, as we remanded for the District Court to act on her November 20, 2007 motion in the first instance. Because the District Court has not considered any of these requests or set forth its reasons for denying them, we will summarily vacate its order of August 11, 2010, and remand for further proceedings consistent with this opinion. *See* 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

1. Bazargani also filed two motions in the District Court which remain outstanding: "Motion for Clarification of the Garnishees' Response to the Above Plaintiffs' Demand for Satisfaction of the Judgment of the Above Identified Claim" and "Motion for Contribution of the Share of Co–Defendant Paul Bagherpour of the Judgment of the Above Claim Pursuant to the Order of the Honorable Appellate Court for the Third Circuit." The fact that these motions remain outstanding does not affect our jurisdiction in this matter since the denial of post-judgment motions are separately appealable. *See Pennsylvania v. Flaherty,* 983 F.2d 1267, 1276 (3d Cir.1993) ("Post-judgment orders are final for purposes of § 1291 and immediately appealable because the policy against piecemeal review is unlikely to be undermined.").